IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIUS MONTGOMERY,<br><br>Defendant. | Case No. 12-MJ-160<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 29th day of August, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, John L. Lane.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 27, 2012, Defendant Julius Montgomery was charged by Criminal Complaint (docket number 2) with aiding and abetting the distribution of crack cocaine.

At the hearing, Iowa Department of Correctional Services Officer Angelica Atalig testified regarding the circumstances underlying the instant charge.[1] Defendant was present at a controlled drug transaction in August 2012. On August 23, a Confidential Informant ("CI") contacted Lachaun Gayden to arrange the purchase of crack cocaine. On August 24, 2012, the CI called Gayden to set the location for the drug transaction. After setting the location, law enforcement provided the CI with $600 of pre-serialized money. An undercover officer drove the CI to the transaction location. The CI entered a gold mini-van. Davaruis Williams was the driver of the mini-van. Gayden was the front-seat

---

[1] Officer Atalig is currently assigned to the DEA Task Force.

passenger and Defendant was the back-seat passenger. The CI purchased 3.5 grams of crack cocaine and 2 grams of marijuana for $200 from Gayden. The CI gave the money to Gayden, then Williams handed crack cocaine to the CI, and Gayden handed marijuana to the CI. The CI exited the mini-van and returned to the vehicle driven by the undercover officer. In addition to surveilling the controlled drug transaction, it was also recorded by law enforcement.

Following the controlled transaction, law enforcement followed the mini-van to a gas station. At the station, Williams exited the vehicle, went inside the store, and shortly returned to the mini-van. Williams moved the vehicle to another parking spot in the gas station parking lot. Law enforcement arrived at the gas station, and officers approached the mini-van. Before making contact with the mini-van, the vehicle exited the gas station parking lot, and a "pursuit" ensued. During the pursuit, the mini-van went off-road onto a residential lawn. Defendant jumped out of the moving vehicle, and fled from law enforcement on foot. The mini-van was chased into a wooded ravine, and was stopped when it hit a tree. Williams and Gayden were taken into custody. Eventually, law enforcement caught Defendant and also took him into custody. Officers found $100 of the pre-serialized currency on Defendant. Officers also found $100 on Williams, and marijuana in both side door panels of the mini-van.

According to the pretrial services report, Defendant is 27 years old. He was born and raised in Chicago, Illinois. According to Defendant, he moved to Cedar Rapids, Iowa, 13 years ago. His father continues to reside in Chicago, and his mother and four siblings live in Cedar Rapids. Defendant told the pretrial services officer that he has lived with his mother for the past six years. Defendant's mother, however, told the pretrial services officer that Defendant does not live with her, and does not know where he resides. She described Defendant as a "street type person" who lives from "house to house." Defendant has never been married, but he has a six-year-old child from a prior relationship. The child resides with her mother in Chicago.

Defendant has no employment history. He stated that he was financially supported by his mother and his current girlfriend, who resides in Chicago. Defendant's mother denied financially supporting Defendant. Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that his alcohol consumption has never been problematic. He also stated that he rarely smokes marijuana, but last used it one month ago. Defendant successfully completed a four-week drug treatment program in 2012.

Defendant has an extensive criminal history. In 2004, Defendant was charged on four separate occasions with criminal trespass to vehicle, possession of marijuana (twice), gambling, and criminal trespass to land. The disposition of those charges in unknown. In 2005, Defendant was charged on four separate occasions with criminal trespass to land, criminal trespass to vehicle, gambling, and possession of marijuana. The disposition of those charges is also unknown. In 2006, Defendant was charged in four separate cases with possession of a controlled substance, possession of a firearm, ordinance violation (twice), reckless driving, driving on a revoked or suspended license, uninsured operator, criminal trespass, interference with official acts, and public intoxication. The disposition of all of these charges is unknown. In 2007, Defendant was charged twice in separate instances with criminal trespass to vehicle and possession of marijuana. The disposition of those charges is unknown.

In January 2008, Defendant was charged and later convicted in two separate cases in Linn County, Iowa with interference with official acts and disorderly house. He was fined in both cases. In July 2008, Defendant was charged in Chicago with driving with a revoked or suspended license and resisting a peace officer. In September 2008, Defendant was charged in Chicago with two counts of aggravated battery with a firearm. The disposition of both Chicago charges are unknown.

In February 2009, Defendant was charged and later convicted in Ottawa, Illinois with driving with a revoked or suspended license and obstructing an officer. Defendant

was sentenced to 120 days in jail. On July 6, 2009, in Linn County, Iowa, Defendant was charged and later convicted of gathering for use of marijuana. On July 8, while the gathering charge was pending, Defendant was charged and later convicted of interference with official acts. Defendant failed to appear for his initial appearance, and an arrest warrant was issued. The warrant was returned the next day. On August 14, 2009, while the gathering charge was pending, Defendant was charged and later convicted of possession with intent to distribute marijuana.[2] Defendant received a deferred judgment and 3 years probation.[3]

In 2010, while multiple charges from 2009 were pending in Iowa, Defendant was charged in Chicago with three separate counts of criminal trespass to vehicle, not wearing a seat belt, and driving on a suspended or revoked license. The disposition of this matter is unknown. In March 2010, while the possession with intent to distribute marijuana charge was pending, Defendant was charged in three separate counts with possession of marijuana, driving on a revoked or suspended license, and being an uninsured operator. The disposition of this case is also unknown.

In March 2012, Defendant was charged in six separate counts with ordinance violation, driving on a suspended or revoked license, no valid registration, issuance of a warrant, fleeing police, and uninsured operator. The disposition of that charge is

---

[2] Initially, Defendant was also charged in separate counts with possession with intent to distribute ecstasy and possession with intent to distribute cocaine. Those counts were eventually dismissed.

[3] In October 2011, Defendant was held in contempt for violating his probation by failing to report to his probation officer, failing to comply with curfew hours, and failure to be at his authorized residence at the time of an unscheduled home visit. Defendant was sentenced to 5 days in jail. In May 2012, Defendant was again held in contempt for violation of probation. Here, Defendant, who was on electronic monitoring, left his residence on February 16, 2012, and never returned. He also failed to show for scheduled office visits with his probation officer. Defendant was sentenced to 15 days in jail. In July 2012, a violation of probation was alleged against Defendant for failure to show for scheduled office visits and for moving out of his residence without notifying his probation officer. This matter remains pending in state court.

unknown. Lastly, in June 2012, Defendant was charged with aggravated unlawful use of a weapon. The disposition of that charge is also unknown.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a

6

"presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with aiding and abetting the distribution of crack cocaine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The evidence against Defendant is not strong. Defendant was present during a controlled drug transaction on August 24, 2012, but was not driving the vehicle, did not set up the transaction, did not hand over the drugs, and did not take the money. After the controlled drug transaction was completed, however, Defendant and two other individuals were surveilled and later pursued by law enforcement. During the pursuit, Defendant jumped from a moving vehicle and fled law enforcement on foot. Defendant was eventually caught and taken into custody. Law enforcement found $100 of pre-serialized currency used in the earlier controlled drug transaction on Defendant's person.

As a general proposition, the distribution of drugs constitutes a general danger to the community. When the events giving rise to the instant federal charges occurred, Defendant was on probation for 2009 state charges involving the distribution of marijuana. Defendant has a history of failing to abide by the terms of his probation, and has committed additional offenses while on probation. Defendant has no employment history and no stable residence. The Court has no confidence that Defendant would comply with

the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings, or assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, Defendant's history of multiple probation violations, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds there is probable cause that Defendant committed the offense charged in the complaint (docket number 2).

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. The time from the Government's oral motion to detain (August 27, 2012) to the filing of this Ruling (August 29, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 29th day of August, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA